UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| D.B., a minor, by his Parent and Next Friend CHERIE KRUSE and CHERIE KRUSE, Individually<br>　　　　Plaintiffs,<br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br><br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§　CIVIL ACTION NO. 1:17-cv-947<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' ORIGINAL COMPLAINT

**NOW COME the Plaintiffs,** D.B., a minor, by his Parent and Next Friend CHERIE KRUSE hereinafter called Plaintiff, by and through his attorney Dennis Hunsberger complaining of and about the United States of America, hereinafter called Defendant, and for cause of action would show unto the Court the following:

### I.　INTRODUCTION

**A.　SUMMARY OF ACTION**

**1.**　This is a civil action brought by the Plaintiff Cherie Kruse, as Next Friend of D.B., a minor child against Defendant United States of America for personal injuries, damages, interest, court costs, and general relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. In this complaint, the Plaintiff seeks damages from the United States, by and through its agency, the Public Health Service arising from a circumcision procedure performed on D.B. by the Lone Star Circle of Care physician and/or health care providers who surgically injured D.B. resulting in a degloving injury to the penis.

1

B.   **PARTIES**

2.   **D.B., a minor, by his Parent and Next Friend CHERIE KRUSE**, is an individual and citizen of the State of Texas.

3.   **CHERIE KRUSE**, is an individual and citizen of the State of Texas.

4.   **Defendant United States of America** may be served by delivering a copy of the summons and complaint to the United States Attorney for the Western District of Texas at 601 NW Loop 410, Suite 600, San Antonio Texas 78216; and by sending a copy of the summons and of the Plaintiff's Original Complaint by registered or certified mail to the Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001; and by also sending a copy of the summons and Plaintiff's Original Complaint by registered or certified mail to the officer or agency whose action is attacked in this suit but who is not made a party of this suit in accordance with Fed. R. Civ. P. 4(i)(1).

C.   **JURISDICTION AND VENUE**

5.   The Court has jurisdiction over the subject matter of this civil action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b), because this action involves a claim by Plaintiffs against the Defendant United States of America, for medical malpractice caused by the negligent and/or wrongful acts and/or omissions of federal government officers or employees while acting within the scope of their offices and/or employment.

6.   Venue is proper in the Western District of Texas, because the Plaintiffs reside in this judicial district.

D.   **CONDITIONS PRECEDENT**

7.   D.B., a minor, by his Parent and Next Friend CHERIE KRUSE, and CHERIE KRUSE individually by and through their attorney, timely presented this claim in writing the

Defendant United States, through the Health and Human Services Commission in accordance with the Federal Tort Claims Act, 28 U.S.C. §§2401(b), 2675(a). Defendant United States of America did not respond to Plaintiff's claim within six (6) months.

## II. FACTUAL BACKGROUND

### A. IMPROPERLY PERFORMED CIRCUMCISION PROCEDURE ON D.B. RESULTING IN DEGLOVING INJURY

.    8.    D.B. was born to Cherie Kruse on 12/21/2013 at 8:44 PM weighing 7 lbs 7 oz at 19.5 inches long at St. David's Round Rock Medical Center under the care of Richard Shea, MD obstetrician.

9.    At material times involved in this civil action and the present, the Public Health Service was and is a federal agency of the Defendant United States of America; and the Defendant United States of America by and through its agency the Public Health Service and the Lone Star Circle of Care by operation of the Federally Supported Health Centers Assistance Act ("FSHCAA"), staffed physician Richard Shea, MD.

10.    On December 22, 2013, two days following infant D.B.'s birth, Richard Shea, MD ordered a neonatal circumcision.

11.    There is no record of any preoperative examination of D.B.'s penis. A 1.3 Gomco clamp was selected by Dr. Shea to perform the circumcision, however no record was made of the reason for the choice of the 1.3 Gomco bell or the choice of the Gomco clamp generally, nor any inspection of the Gomco clamp for wear-and-tear.

12.    Dr. Richard Shea performed the circumcision and baby Dominick experienced an excessive degree of bleeding from the procedure upon removing the Gomco clamp. An intervening sleeve of tissue around the shaft of the penis was excised inadvertently along with a distal foreskin which is usually excised using a Gomco clamp. Baby Dominick experienced 50%

circumferential skin loss around the phallus, this is known as a "degloving injury."

13. Due to the severity of the injury, baby Dominick was transferred to Dell Children's Hospital for pediatric urologic care and treated with intravenous antibiotics and wet-to-dry dressing changes.

14. D.B. required ongoing care and outpatient follow-up visits requiring additional antibiotic treatment and ointments due to adhesions and inflammation. On September, 10, 2014, at nine months of age, D.B. underwent surgical revision of his circumcision under general anesthesia.

### III. PLAINTIFFS AGAINST THE UNITED STATES OF AMERICA UNDER THE FEDERAL TORT CLAIMS ACT

#### A. THE FEDERAL TORT CLAIMS ACT

15. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, 1402, 1504, 2110, 2401, 2402, 2411, 2412, 2671-2650 eliminated total freedom from litigation the United States government had long enjoyed under the common-law doctrine of "sovereign immunity" and abrogated "the federal government's tort immunity in sweeping terms." Under the current FTCA, the statute broadly waives the federal government's immunity from tort suits, see 28 U/S.C. § 1346 (b) (2009), but reserves thirteen significant government activities where immunity is preserved. See 28 U.S.C. § 2680 (2009). The FTCA generally provides for the payment of money damages for persons or property injured as a result of the negligent actions of federal government officers or employees acting within the scope of their office or employment. See 28. U.S.C. § 2674 (2009), meaning that, if the same negligent conduct would subject a private person to liability, the federal government also would be liable. See 28 U.S.C. § 1346 (b) (2009).

16. The FTCA, however, restricts a plaintiff-claimant's recovery in several ways. Claimants are initially required to submit an administrative claim to the appropriate federal

government agency before filing a civil suit for damages. *See* 28 U.S.C. § 2675 (a). this FTCA remedy is generally exclusive, see 28 U.S.C. § 2679(b)(1); and the statute bars tort claims against the individual federal governmental officer or employee who acted negligently in harming the claimant, *See* 28 U.S.C. § 2676. If the claimant is dissatisfied with the outcome of the administrative proceeding, the claimant may file a civil suit in federal court. *See* 28 U.S.C. § 2675(a). A federal district court judge, rather than a jury hears the plaintiff-claimant's case against the United States under the FTCA *See* 28 U.S.C. § 2402. Moreover, the plaintiff-claimant is not allowed to recover punitive damages or prejudgment interest. *See* 28 U.S.C. § 2674. Venue is established in the judicial district in which plaintiff-claimant resides or in which the negligent act or omission complained of occurred. *See* 28 U.S.C. § 1402(b). FTCA further provides that the substantive tort law or omission occurred controls issues of the United States' tort liability to the plaintiff-claimant. *See* 28 U.S.C. § 1346(b).

**B.    LIABILITY OF DEFENDANT UNITED STATES UNDER THE FTCA**

17.    On the occasion(s) in question in this civil action, the Defendant United States, by and through the Public Health Service and/or its officers or employee Richard Shea, MD, who were acting in the course and scope of their offices or employment had a duty under applicable law to exercise ordinary and reasonable care and act as a reasonable and prudent physician, surgeon, or health care provider under the same or similar circumstances in their medical, surgical or health care diagnosis, assessment, care, and performance of the Plaintiffs circumcision procedure. Defendant United States by and through the Public Health Service and/or its officer or employee Dr. Richard Shea, MD breached these duties by engaging in one or more acts or omissions, singularly or in combination with others, constituting negligence and/or gross negligence, as follows:

> A.      In that Defendant United States by and through the Public Health Service and/or its officer or employee Dr. Richard Shea, MD failed to properly perform the circumcision according to the standards set by the medical profession necessary to the Plaintiff's welfare;
>
> C.      In that Defendant United States by and through the Public Health Service and/or its officer or employee Dr. Richard Shea, MD failed perform preoperative examination of D.B.'s penis prior to the circumcision.
>
> D.      In that Defendant United States by and through the Public Health Service and/or its officer or employee Dr. Richard Shea, MD failed inspect the Gomco clamp for wear and tear prior to performing the circumcision.;
>
> E.      In that Defendant United States by and through the Public Health Service and/or its officer or employee Dr. Richard Shea, MD failed to fully and completely disclose the risks and/or hazards of circumcision;

18. Defendant United States', by and through the Public Health Service and its agent or employee D. Richard Shea, MD breach of the above-described legal duty or duties proximately caused the occurrence or incident, injuries, harm, and/or aggravation of injuries or conditions of Plaintiff which resulted in the injuries, harm, and damages and/or aggravation of injuries, harm, and damages of Plaintiff as set forth below with more specificity in Paragraph IV and V of this Complaint.

19. Under the laws of the State of Texas, a private person would be liable to the Plaintiff for the above-described negligence and/or gross negligence of the Defendant United States, by and through the Public Health Service and/or its officer or employee Dr. Richard Shea, MD. Under the FTCA. 28 U.S.C. §2674, the Defendant United States is liable to the Plaintiffs for damages resulting from the injuries and/or aggravation of injuries described above and below in Paragraph IV and V of this Complaint.

### IV. DAMAGES FOR INJURED PARTY, D.B.

20. As a direct and proximate result of the Defendant United States negligence, gross negligence, and other wrongful conduct, as set forth in this Complaint, the Plaintiff was caused

to suffer and is entitled to recover fair and reasonable compensation for the below-listed and described injuries, damages, and/or aggravation of injuries and damages, as follows:

- A. The reasonable value of necessary medical and health care services, products, and/or goods to and/or for D.B., in the past, resulting from his injuries caused by the occurrence(s) and/or incident(s) made the basis of this civil action in the fair and reasonable amount of at least $5,060.09.

- B. The reasonable value of necessary medical and health care services, products, and/or goods that, in reasonable probability, will be necessary for D.B. in the future, resulting from his injuries caused by the occurrence(s) and/or incident(s) made the basis of this civil action in the fair and reasonable amount of at least $150,000.00

- C. Physical pain and mental anguish sustained by D.B. in the past in the fair and reasonable amount of at least 1,000,000.00;

- D. Physical pain and mental anguish that, in reasonable probability, D.B. will sustain in the future in the fair and reasonable amount of at least 1,000,000.00;

- E. Disfigurement sustained by D.B. in the past in the fair and reasonable amount of at least 1,000,000.00;

- F. Disfigurement that, in reasonable probability, D.B. will sustain in the future in the fair and reasonable amount of at least 1,000,000.00;

- G. Physical impairment sustained by D.B. in the past in the fair and reasonable amount of at least 1,000,000.00;

- H. Physical impairment which, in all reasonable probability, will be suffered by D.B. in the future in a fair and reasonable amount of at least 1,000,000.00;

- I. Loss of enjoyment of life or loss of capacity to enjoy life sustained by D.B. in the past in a fair and reasonable amount of at least 1,000,000.00.

- J. Loss of enjoyment of life or loss of capacity to enjoy life that, in reasonable probability, will be sustained by D.B. in the future in a fair and reasonable amount of at least 1,000,000.00.

- K. All other actual, consequential, and/or special damages allowed by law sustained by D.B. in the past in a fair and reasonable amount; and

- L. All other actual, consequential, and/or special damages allowed by law

that, in reasonable probability, D.B. will sustain in the future in a fair and reasonable amount.

## V. DAMAGES FOR CHERIE KRUSE

21.As a direct and proximate result of the Defendant United States negligence, gross negligence, and other wrongful conduct, as set forth in this Complaint, Plaintiff CHERIE KRUSE was caused to suffer and is entitled to recover fair and reasonable compensation for the below-listed and described injuries, damages, and/or aggravation of injuries and damages, as follows:

   A.Mental anguish sustained by Cherie Kruse in the past in the fair and reasonable amount of at least $125,000.00;

   B.Mental anguish that, in reasonable probability, Cherie Kruse will sustain in the future in the fair and reasonable amount of at least $125,000.00;

   C.Loss of parental consortium with D.B. sustained by Cherie Kruse in the past in a fair and reasonable amount of at least $125,000.00.

   D.Loss of parental consortium with D.B. that, in reasonable probability, Cherie Kruse will sustain in the future in a fair and reasonable amount of at least $125,000.00.

   E.Loss of enjoyment of life or loss of capacity to enjoy life sustained by Cherie Kruse in the past in a fair and reasonable amount of at least $125,000.00.

   F.Loss of enjoyment of life or loss of capacity to enjoy life that, in reasonable probability, will be sustained by Cherie Kruse in the future in a fair and reasonable amount of at least $125,000.00.

   G.All other actual, consequential, and/or special damages allowed by law sustained by Cherie Kruse in the past in a fair and reasonable amount; and

   H.All other actual, consequential, and/or special damages allowed by law that, in reasonable probability, Cherie Kruse will sustain in the future in a fair and reasonable amount.

## PRAYER

22.**FOR THESE REASONS,** Plaintiff, respectfully prays that the Defendant be

cited and summoned to appear and answer herein, that the Court set this case for a nonjury trial, and that upon a final trial or other applicable judicial proceeding, that Plaintiff have judgment in his favor and against Defendant the United States of America for the following:

1. That Plaintiff, D.B., a minor, by his Parent and Next Friend CHERIE KRUSE recover judgment from Defendant United States of America for his above-described actual economic and noneconomic damages in a fair and reasonable amount of at least $7,155,060.09.

2. That Plaintiff, CHERIE KRUSE recover judgment from Defendant United States of America for his above-described actual economic and noneconomic damages in a fair and reasonable amount of at least $750,000.00

3. That Plaintiffs, D.B., a minor, by his Parent and Next Friend CHERIE KRUSE and CHERIE KRUSE individually recover post-judgment interest as allowed by 28 U.S.C. § 2674 and/or other applicable law;

4. That Plaintiffs, D.B., a minor, by his Parent and Next Friend CHERIE KRUSE and CHERIE KRUSE individually recover taxable costs of court as allowed by applicable law;

5. That Plaintiffs, D.B., a minor, by his Parent and Next Friend CHERIE KRUSE and CHERIE KRUSE individually recover such other and further relief as this Court may deem just and proper.

Respectfully submitted,

DATED: October 4, 2017               THE LAW OFFICE OF DENNIS HUNSBERGER

By: */s/Dennis Hunsberger*
Dennis Hunsberger
Texas Bar No. 24071566
Email: dennishunsbergerdpd@gmail.com
8810 Business Park Dr., Suite 300
Austin, Texas 78759
Tel. (512) 800-5424
Fax. (512) 614-2958
**ATTORNEY FOR PLAINTIFFS**